FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUN 11 PM 3: 11
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 111-065 |
| | * | |
| DERRICK LEE BARBOUR | * | |

# ORDER

Before the Court is Defendant's "Motion to Correct Scriveners/Clerical Error," which the Court construes as a petition for habeas relief under 28 U.S.C. § 2241. (Doc. no. 58.) For the reasons set forth herein, the petition is **DISMISSED**.

Petitioner is confined at the United States Penitentiary Lee in the Western District of Virginia. (See doc. no. 58.) On October 7, 2013, this Court sentenced him to a total term of 63 months imprisonment to be served consecutively to the state sentences he was serving. (Doc. no. 56.) On June 1, 2015, Petitioner sought relief in this Court seeking correction of a "clerical error." (Doc. no. 58.) He argues that he was not given credit for the twelve months he served in federal custody as he awaited sentencing in this Court, but does not allege that he exhausted administrative remedies.

A claim for credit for time served is properly brought under 28 U.S.C. § 2241 in the district of incarceration after

the exhaustion of administrative remedies. <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000). If the petition is filed in another district, the court where relief is sought may dismiss the petition for lack of personal jurisdiction over petitioner's custodian, or transfer the petition to the district where petitioner is confined. <u>Williams v. Rivera</u>, 2011 WL 7005735, at *1 (S.D. Ga. Dec. 12, 2011)(transferring, rather than dismissing, § 2241 petition to district where prisoner is in custody where prisoner attached documentation showing exhaustion of administrative remedies); <u>Paye v. United States</u>, 2007 WL 2177114, *1 (S.D. Ga. Jul. 25, 2007)(dismissing, rather than transferring, § 2241 petition for lack of jurisdiction where prisoner failed to show exhaustion of administrative remedies).

Here, Petitioner challenges the execution of his sentence and therefore the Court construes the filing as a petition under § 2241. Petitioner filed the action in this Court, where he was sentenced, rather than in the Western District of Virginia, where he is in custody. Thus, the Court lacks jurisdiction. Because Petitioner failed to allege exhaustion of administrative remedies with the Bureau of Prisons, the Court **DISMISSES** the petition rather than transferring the case to the proper court. Petitioner is advised that he may file a proper petition pursuant to 28 U.S.C. § 2241 with the United

States District Court for the Western District of Virginia after exhausting the administrative remedy available through the federal prison system.

**IT IS ORDERED** that Defendant's "Motion to Correct Scriveners/Clerical Error" (doc. no. 58), construed as a petition under 28 U.S.C. § 2241, is **DISMISSED**. The Clerk is **DIRECTED** to **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of June, 2015.

/s/ Dudley H. Bowen Jr.
UNITED STATES DISTRICT JUDGE

3