IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DERRICK LEE BARBOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-101 |
| | ) | (Formerly CR 111-065) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Derrick Lee Barbour filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED**, (doc. no. 2), and this civil action be **CLOSED**.

**I.    BACKGROUND**

On March 3, 2011, a grand jury in the Southern District of Georgia charged Petitioner with one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. United States v. Barbour, CR 111-065, doc. no. 3 (S.D. Ga. March 3, 2011) (hereinafter "CR 111-065"). The Court appointed attorney Wendell E. Johnston, Jr., to

represent Petitioner, and on January 24, 2013, Petitioner pleaded guilty to the one charge brought against him. Id., doc. nos. 22, 41, 42.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at seventeen, Criminal History Category at VI, and Guidelines imprisonment range at fifty-one to sixty-three months. PSI ¶¶ 24, 36, 51. Because Petitioner had a prior felony conviction for a crime of violence or a controlled substance offense, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), his base offense level was twenty. PSI ¶¶ 15. That base level reduced by three points to seventeen based on Petitioner's acceptance of responsibility. PSI ¶¶ 22-24. The statutory maximum term of imprisonment for Petitioner's offense of conviction is ten years. 18 U.S.C. §§ 922(g)(1) and 924(a)(2); PSI ¶ 50.

At sentencing on September 27, 2013, United States District Judge Dudley H. Bowen, Jr., imposed a sentence of sixty-three months of imprisonment, a $100 special assessment, and a $1,500 fine. CR 111-065, doc. nos. 64, 65. Petitioner did not file an appeal, and a request to correct an alleged clerical error in his sentence was denied. Id., doc. nos. 58, 59.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265

(2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that the ruling in Johnson entitles him to be resentenced. Petitioner does not contend he was sentenced under the statutory provisions of the ACCA but instead argues for the extension of Johnson to his sentence that was imposed under a provision of the advisory sentencing Guidelines that relied on the definition of a crime of violence mirroring that of the ACCA. (See generally doc. no. 1.)

## II. DISCUSSION

### A. Johnson Does Not Apply to the Guidelines.

As explained above, Petitioner's offense level was initially set under § 2K2.1 of the Guidelines, though it was subsequently reduced by three points for acceptance of responsibility. PSI ¶¶ 15, 22-24. U.S.S.G. § 2K2.1(a)(4) provides for a base offense level of twenty "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." Although the PSI does not delineate which prior conviction was counted against him, based on Petitioner's argument about criminal attempt to commit aggravated assault, the Court will assume for the sake of argument that was the crime of violence counted against him. (Doc. no. 1, p. 4; PSI ¶ 28.)

Nonetheless, Petitioner is not entitled to relief because Johnson does not apply to the Guidelines. Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career

3

offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause, and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1.[1] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

**B. Petitioner Is Not Entitled to Appointed Counsel.**

Petitioner also filed a motion for appointment of counsel. There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S.

---

[1] The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted* No. 15-8544 (U.S. June 27, 2016). A crime of violence as used in U.S.S.G. § 2K2.1 "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2" App. Note 1 to U.S.S.G. § 2K2.1.

4

551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[2]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 145 (2015 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his § 2255 motion detailing his underlying criminal proceedings and citing recent case law. Moreover, as explained above, his case does not fall within the parameters of Johnson and is due to be dismissed. Therefore, the motion for appointment of counsel should be **DENIED**. (Doc. no. 2.)

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

5

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (doc. no. 2), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of July, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA